**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4244

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TRAVIS KNOX,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:10-cr-00019-KDB-DCK-1)

Submitted:  September 22, 2022                    Decided:  September 26, 2022

Before WILKINSON, DIAZ, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF**:  Brian Michael Aus, BRIAN AUS, ATTORNEY AT LAW, Durham, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Travis Knox appeals the district court's judgment revoking his supervised release and sentencing him to 10 months' imprisonment. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the revocation sentence is reasonable. Knox has not filed a pro se supplemental brief after being notified of his right to do so. We affirm.

"We affirm a revocation sentence so long as it is within the prescribed statutory range and is not plainly unreasonable." *United States v. Coston*, 964 F.3d 289, 296 (4th Cir. 2020) (internal quotation marks omitted). Knox's sentence does not exceed the applicable statutory maximum. Accordingly, the remaining question is whether the sentence is plainly unreasonable. When reviewing whether a revocation sentence is plainly unreasonable, we first "determine whether the sentence is unreasonable at all." *Id.* (internal quotation marks omitted). "In making this determination, we follow generally the procedural and substantive considerations that we employ in our review of original sentences, with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (cleaned up). Thus, "we first must determine whether the sentence is procedurally or substantively unreasonable." *Id.*

A revocation sentence is procedurally reasonable if the district court adequately explains the sentence after considering the Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors. *Id.*; *see* 18 U.S.C. § 3583(e). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court

2

states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted).

We conclude that Knox's sentence is procedurally and substantively reasonable. The district court correctly identified the policy statement range, considered the relevant statutory factors, acknowledged Knox's mitigation arguments, and gave sufficiently detailed reasons for selecting its within-range sentence. In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Knox, in writing, of the right to petition the Supreme Court of the United States for further review. If Knox requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Knox.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*